**Joseph PASQUARIELLO, Plaintiff,**

v.

**MEDCENTRAL HLTH. SYS., Defendant.**

No. 5:95 CV 1217.

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 18, 1996.

Joseph P. Pasquariello, Washington, PA, Pro Se and Richard W. Landoll, Cleveland, OH, for Joseph P. Pasquariello.

Richard V. Whelan, Jr., Mauritia Gauvin Kamer, Thompson, Hine & Flory, Cleveland, OH, and Margaret R. Carmany, Thompson, Hine & Flory, Columbus, OH, for MED-CENTRAL HEALTH SYSTEM.

### MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court upon Med-Central Health System's Motion for Summary Judgment (Doc. # 43). Previously, Defendant filed a Motion to Dismiss Third Cause of Action (Doc. # 32). For the reasons that follow Defendant's Motion for Summary Judgment is **GRANTED** and Defendant's Motion to Dismiss Third Cause of Action is **DENIED** as moot.

### I.

Plaintiff filed the present action on June 3, 1995[1] claiming that he was discriminated against in his employment and ultimately discharged on account of a disability in violation of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. § 12111 et seq. On July 10, 1995, pursuant to the creation of a docket for Judge Donald C. Nugent, this matter was reassigned to this Court. The Court conducted several status hearings prior to the assignment of a case management schedule on October 10, 1995. On November 20, 1995, the Court granted the motion of attorney Richard Landoll to appear pro hac vice on behalf of Plaintiff. Thereafter, on December 4, 1995, Plaintiff filed a motion to amend his complaint. This

---

1. The herein matter was originally filed by Plaintiff in forma pauperis before Judge James Graham of the United States District Court for the Southern District of Ohio. On May 23, 1995, Judge Graham ruled that the proper venue for this action was the Northern District of Ohio and ordered the Clerk to transfer this action to the Northern District.

motion was granted by the Court on January 8, 1996. Plaintiff's Amended Complaint sets forth three causes of action; 1) disability discrimination in violation of the ADA, 2) disability discrimination in violation of OHIO REV.CODE ANN. §§ 4112.02(A) and 4112.99, 3) violation of the public policy against disability discrimination.

Upon motion of the parties, the Court granted Defendant's motion for extension of discovery and Plaintiff's extension to respond to dispositive motions until April 21, 1996. On February 2, 1996, Plaintiff notified the Court of the withdrawal of his attorney, Mr. Landoll. Thereafter, on March 22, 1996, Defendant filed its Motion for Summary Judgment.

On April 24, 1996, the Court held a status conference at which Plaintiff requested that he not be required to participate due to the fact that he lives in Pennsylvania. In the minutes of proceedings from that status conference, the Court noted that

"... [n]othing had been filed or received by Plaintiff's counsel or the Court at this time. Motion for Summary Judgment is now heard and submitted—Court to rule and notify all parties" (*See* Doc. # 44).

## II.

In determining whether summary judgment is to be granted, the court must consider only that evidence which is properly before it. Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (cit-

ing FED.R.CIV.P. 56(c)). The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.

The district judge, in considering this type of motion, is to examine "[o]nly disputes over facts that might affect the outcome of the

suit under governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510–11. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

" ... the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

### III.

■ In the present case, Plaintiff has failed to respond to the motion for summary judgment filed by the Defendant. The Plaintiff's failure to respond to the motion in conformity with the requirements of FED. R.CIV.P. 56(e) does not *automatically* entitle the moving party to judgment. Rather, the rule provides that summary judgment shall be entered only "if appropriate." Therefore, this Court must first determine if the Defendant has presented evidence to "demonstrate the absence of a genuine issue of material fact." *Celotex, supra.*

Plaintiff's Amended Complaint makes the following allegations: that he began his employment as a cytotechnologist with Mansfield General in August 1990 (Am.Compl. ¶ 13); Plaintiff suffered a stroke in May 1992 (Am.Compl. ¶ 9); and, returned to work in October 1992 (Am.Compl. ¶ 16). As a result of his stroke, Plaintiff suffered a loss of motor coordination, muscle strength and speech skills (Am.Compl. ¶ 9). Plaintiff alleges he was discharged from his employment in May 1993 based upon his alleged disability (Am.Compl. ¶ 18, 19). Thereafter, the following lawsuit was filed.

### A.

The ADA is a part of the Civil Rights Act of 1991 and is an addition to the broad federal mandates against different forms of employment discrimination set forth in Title VII. In the context of employment discrimination, the ADA, Rehabilitation Act, and Title VII all serve the same purpose—to prohibit discrimination in employment against members of certain protected classes. The ADA, 42 U.S.C. §§ 12101–12213, attempts to eliminate discrimination against individuals with disabilities. The Act provides in part, as follows:

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

■ The prima facie case for a claim of handicap discrimination is a modified version of the test set forth for Title VII actions as enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 803–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973) and its progeny. The Sixth Circuit has stated that "[t]he ADA parallels the protection of the Rehabilitation Act," 29 U.S.C. § 701 et seq., which forbids discrimination on the basis of disability under any program or activity receiving federal assistance. *Maddox v. University of Tennessee,* 62 F.3d 843, 846 & n. 2 (6th Cir.1995). Accordingly, the standards developed in cases involving the Rehabilitation Act carry over to the instant matter. In particular, in order to prevail in his ADA claim, Plaintiff must show (1) that he has a "disability," (2) that he was "qualified" for his position with Defendant, and (3) that Defendant subjected him to discriminatory treatment "solely by reason of" his disability. *Maddox,* 62 F.3d at 846 (citing *Doherty v. Southern College of Optometry,* 862 F.2d 570, 573 (6th Cir.1988)); *see also Tyndall v. National Educ. Ctrs., Inc.,* 31 F.3d 209, 212 (4th Cir. 1994).

■ The ADA defines a "qualified individual with a disability" as "an individual with a

disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see also Tuck v. HCA Health Services of Tennessee,* 7 F.3d 465, 471 (6th Cir.1993). In determining whether the Plaintiff has presented a prima facie case it must be remembered that "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248 at 253, 101 S.Ct. 1089 at 1093, 67 L.Ed.2d 207 (1981).

### B.

 In the present case, the Plaintiff has presented no evidence to establish any element of his prima facie burden. Due to Plaintiff's failure to respond to Defendant's motion, this Court is presented with no evidence except that presented by the Defendant. In Defendants' motion for summary judgment, Defendant has presented relevant and compelling evidence, in the form of interrogatories, deposition testimony, affidavits and hospital records to show that Plaintiff was legitimately discharged as a result of his improper conduct toward his fellow female employees as well as female members of the public in general. Nothing within the record before this Court shows that Plaintiff was discharged as a result of a disability. Importantly, for purposes of review of a grant of summary judgment, Plaintiff did not respond to Defendant's motion with affidavits or other evidence to establish a genuine issue of material fact in regard to the reason for his discharge. *See, Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

### IV.

Accordingly, this Court finds that Plaintiff has failed to carry his burden of proof both under FED.R.CIV.P. 56(e) and the prima facie requirements under the ADA.

Moreover, the failure of Plaintiff to present any evidence to support his claims of disability discrimination in regard to the pendent state claims brought in Plaintiff's second and third causes of action also warrants summary judgment to be granted on those claims. FED.R.CIV.P. 56(e).

Therefore, Defendant's MedCentral Health System's Motion for Summary Judgment (Doc. # 54) is **GRANTED.** Furthermore, Defendant Mansfield General Hospital's Motion to Dismiss the Third Cause of Action (Doc. # 32) is hereby **DENIED** as moot.

IT IS SO ORDERED.