**William D. CRUTCHER, Plaintiff,**

**Marion L. Madry, Plaintiff–Appellee,**

**v.**

**COMMONWEALTH OF KENTUCKY, et al., Defendants.**

**Appeal of H. David OWENS, Defendant–Appellant.**

**Nos. 89–5269, 89–5455.**

United States Court of Appeals, Sixth Circuit.

Argued July 27, 1989.

Decided Aug. 30, 1989.

John C. Anggelis, Lexington, Ky., Timothy N. Philpot (argued), Anggelis, Philpot,

Gordon, & Simpson, Lexington, Ky., for plaintiff-appellee.

Kathy P. Holder, Robert Y. Gwin (argued), Brown, Todd & Heyburn, and D. Patton Pelfrey, Brown, Todd & Heyburn, Louisville, Ky., for defendant-appellant.

Before: MERRITT and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

The defendant, H. David Owens, a district manager in the Kentucky Cabinet for Human Resources, appeals the District Court's denial of his motion for summary judgment based on qualified immunity. In this litigation, plaintiff Marion Madry, a black woman, alleges that Owens denied her a promotion on the basis of her race in violation of 42 U.S.C. §§ 1981, 1983. The issue before us is whether the District Court properly denied summary judgment to Owens on qualified-immunity grounds because Madry allegedly failed to produce "direct" evidence of racial-based animus sufficient to create a genuine issue of material fact. We remand with instructions.

Madry is a black woman employed by the Department of Employment Services, a Kentucky state agency. She worked in the agency's Lexington office, where Owens became the district program manager on July 1, 1977. Madry claims that Owens discriminated against her based on her race between the years 1977 and 1980.

This case began in 1980 when Madry asserted a variety of claims against numerous state defendants. Many of the claims were dismissed, as were many of the defendants. After a jury trial in January 1987, the District Court granted a motion for a new trial. Owens then moved for summary judgment, claiming Madry did not produce any facts supporting her claim that Owens had discriminatorily failed to promote her because of her race; that no evidence was presented at the original trial or in his attached exhibits that demonstrates a material issue of fact; that Title VII provides the exclusive remedy for the discriminatory treatment alleged by Madry; and that Owens was entitled to qualified immunity. He claimed that his conduct was *objectively* reasonable under state law.

In her affidavit opposing Owens' motion for summary judgment, Madry alleged that Owens failed to tell her of position vacancies and that there were openings filled by white employees who were no more qualified than she. Madry also stated that Owens informed her that there existed a freeze on employee positions, and yet that Owens filled vacant positions within the office with white employees; that Owens waived the taking of tests to qualify for promotions within the Lexington office for white employees while maintaining the requirement for Madry; and finally, that Owens made training available for white employees to enable them to qualify for job promotions while failing to make such training available to Madry.

■ The District Court's denial of Owens' motion stated only that genuine issues of material fact remained for resolution at trial. It did not specifically discuss the qualified immunity issue and did not evaluate the proof of racial animus.

This Court has pointed out recently in *Poe v. Haydon*, 853 F.2d 418 (6th Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989), that, when a court rules on a summary judgment motion in which qualified immunity is raised, it should state fully the basis for its conclusions. In *Poe*, a sexual harassment case, this Court declined to examine the record on appeal in order to rectify the District Court's failure to state its reasons. *Poe*, 853 F.2d at 426. The *Poe* Court stated that "[b]ecause interlocutory review is available for the denial of ... motions based on qualified immunity, ... we believe it is better practice for the district court to set forth with precision the basis for its decision. This will facilitate intelligent appellate review, and we believe it will conserve scarce judicial resources in the long run." *Id.* (citations omitted).

We vacate the District Court's ruling on the qualified immunity issue and remand this case to the District Court so that it can state its reasons for concluding that there was no genuine dispute about any fact material to whether Owens violated clearly established constitutional rights, and

**504**

whether Madry sustained her burden of producing direct evidence of racially-based animus. As in *Poe*, we note here that Madry should be given the opportunity to amend her affidavit and other proof submitted on the qualified immunity issue.

 In remanding this issue, we note a confusion that has arisen at oral argument on this qualified immunity appeal. The appellant reads *Poe* to require Madry, on remand of the qualified immunity issue, to come forth with more evidence than she would have to produce to prevail on the merits. We do not read *Poe* to create any such deformity in civil rights law. It is true that *Poe* states that "the plaintiff must present direct evidence that the officials' actions were improperly motivated in order to" resist a qualified immunity summary judgment motion. *Poe*, 853 F.2d at 432. This does not mean that Madry must bring in an admission from the lips of her defendant. She may rely on proof that would be strong enough to allow a jury to return a verdict for her under appropriate instructions, and it is clear that the law allows victims of race discrimination, as in other cases, to prove their cases by inferential and circumstantial proof. To the extent that Owens reads *Poe* to set a higher standard for qualified immunity than applies on the merits, he is wrong.

Additionally, the District Court should consider Owens' qualified immunity claim in light of three recent Supreme Court decisions, *Will v. Michigan Dep't of State Police*, — U.S. —, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and *Jett v. Dallas Indep. School Dist.*, — U.S. —, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

Accordingly, we remand this case for further findings consistent with this opinion.