956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Lee CARTER, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS; City of Nashville, Tennessee; Otie R.
Jones; James Worthington; City of Petros,
Tennessee; Casey McCulloch, Defendants-Appellees.
 No. 91-6023.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 David Lee Carter moves for transcript and counsel in his brief and appeals the magistrate judge's order denying his motion for a new trial from a jury verdict in this 42 U.S.C. § 1983 prisoner civil rights case. The order was properly appealed to this court as the parties waived appeal to a district court judge. See 28 U.S.C. § 636(c)(4).
 
 
 3
 Carter claimed that the defendants violated his constitutional rights by allowing prison mail clerks to tamper with his mail. He also alleged that the defendants retaliated against him for exercising his access to the courts by refusing to allow visits from immediate family, placing him in involuntary administrative segregation, and confiscating his headphones. The defendants are prison officials and employees. He requested damages and injunctive relief.
 
 
 4
 The jury decided that Carter was not entitled to relief. The magistrate judge entered judgment against him, and he filed a motion for a new trial. In that motion, Carter alleged that there was juror misconduct after the verdict was pronounced and court was adjourned. He also challenged certain evidentiary rulings, the absence of one defendant, and the denial of his motion to continue. The magistrate judge decided that Carter's allegation of juror misconduct was unfounded, and that his other allegations were also without merit.
 
 
 5
 Carter raises the same arguments on appeal.
 
 
 6
 Upon consideration, we vacate the magistrate judge's order since it merely issued a ruling without analyzing the grounds presented in Carter's motion for a new trial. Although Fed.R.Civ.P. 59 does not require findings of facts and conclusions of law, this court has held in various situations that the better practice is for the district court to set forth with precision the basis for its decision. Crutcher v. Commonwealth, 883 F.2d 502, 503 (6th Cir.1989) (qualified immunity appeal); Glover v. Johnson, 855 F.2d 277, 283-84 (6th Cir.1988) (interlocutory appeal). Without sufficiently specific findings of fact, this court is unable to meet its obligation to properly review the magistrate judge's denial of the motion for new trial.
 
 
 7
 For these reasons, the magistrate judge's order is hereby vacated and the case remanded for further proceedings consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit. The motions for transcript and counsel are denied.