991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael G. BROSMORE, Plaintiff-Appellee,
v.
CITY OF COVINGTON, Donald Brown, Defendants-Appellants.
 No. 92-5874.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1993.
 
 Before: NELSON, Circuit Judge, and PECK and CONTIE, Senior Circuit Judges
 PER CURIAM.
 
 
 1
 This is an appeal from a denial of qualified immunity for defendant Donald Brown, the Fire Chief of Covington, Kentucky. Plaintiff Michael Brosmore, a white man who was employed as a Covington firefighter, brought a civil rights and race discrimination case alleging that Fire Chief Brown harassed him in connection with his employment because he married a black woman. Fire Chief Brown moved for summary judgment on the basis of qualified immunity. The district court denied Chief Brown's motion in an order issued June 2, 1992. That order provides, in relevant part:
 
 
 2
 "IT IS ORDERED as follows:
 
 
 3
 1. That the motion of defendant City of Covington (Doc. # 46) and the renewed motion of defendant Brown (Doc. # 44) for summary judgment be, and they are, hereby denied...."
 
 
 4
 This court has noted repeatedly the need for a district court to "state fully the basis for its conclusions" when deciding whether to grant qualified immunity. Crutcher v. Commonwealth of Kentucky, 883 F.2d 502, 503 (6th Cir.1989), pet. for writ of cert. dismissed, 61 U.S.L.W. 3156 (March 8, 1993). See also Poe v. Haydon, 853 F.2d 418, 426-27 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989). The need for precise findings is at its greatest where, as here, the plaintiff must show an impermissible motive on the part of the defendant.
 
 
 5
 Because the district court's order provides no explanation for the denial of qualified immunity, we VACATE the district court's denial of qualified immunity to Chief Brown and REMAND for proceedings consistent with this opinion.