53 F.3d 146
 67 Fair Empl.Prac.Cas. (BNA) 1134,
66 Empl. Prac. Dec. P 43,567
Charles COX, Plaintiff-Appellant,
v.
KENTUCKY DEPARTMENT OF TRANSPORTATION, Joseph E. Kearnes,
George Hoffman, Lynn Watts, and Wayne Hafer,
Defendants-Appellees.
 No. 93-6226.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 23, 1994.
Decided May 2, 1995
 
 Charles H. Schaffner (argued and briefed), Erlanger, KY, for plaintiff-appellant.
 Stewart C. Burch (argued and briefed), Logan & Gaines, Frankfort, KY, for defendants-appellees.
 Before: KRUPANSKY, GUY, and NORRIS, Circuit Judges.
 KRUPANSKY, Circuit Judge.
 
 
 1
 Plaintiff/Appellant Charles Cox initiated this action against the Kentucky Department of Transportation ("DOT") and several of its officials under the Age Discrimination in Employment Act of 1978 ("ADEA"), 29 U.S.C. Sec. 621, et seq.; under 42 U.S.C. Sec. 1983; and under Kentucky state law, 18A K.R.S. Sec. 140. Plaintiff asserted that the appellees conspired to limit his promotions from 1980 to 1992 because of his age and political affiliation. The district court granted summary judgment on the ADEA issue, concluding that the ADEA was not applicable to the individual defendants and that the evidence adduced by plaintiff on the ADEA claim against the DOT was not sufficient to survive summary judgment. The district court also granted summary judgment on the Sec. 1983 count, concluding that the Kentucky DOT was entitled to Eleventh Amendment immunity and that the individual defendants were entitled to summary judgment under the doctrine of qualified immunity because the plaintiff had not developed direct evidence of discriminatory motive or intent. The plaintiff has appealed. A review of the record disclosed that Cox has failed to prove a prima facie case under the ADEA. This court affirms the decision of the district court on the ADEA count. Because the district court applied the incorrect legal standard to the evaluation of the Sec. 1983 cause of action, this court reverses and remands on that issue.
 
 
 2
 Cox was employed by the Department of Transportation, in the right-of-way department, in January 1971. He was initially classified as a junior right-of-way agent. After a six-month probationary period, he was upgraded to right-of-way agent, a rank he held until 1974 when he was upgraded to senior right-of-way agent. He was a senior right-of-way agent until 1986 when he was upgraded to principal right-of-way agent. At the time of this suit, Cox was a principal right-of-way agent in the Negotiations unit.
 
 
 3
 In 1990, two Unit Leader positions became vacant, and both Cox, age 59, and Karen Shinkle, age 37, applied. One opening was in Appraisals, the other was in Negotiations. Shinkle received the promotion to Unit Leader in the Appraisals department, but the opening in the Negotiations department remained vacant until September, 1991. At that time, Shinkle was transferred from Unit Leader for Appraisals to Unit Leader for Negotiations. The lateral move did not constitute a promotion or an increase in grade or salary. The appellees have asserted that the transfer was made to maximize personnel resources and relieve the heavy workload of the Negotiations department. The appellant asserted that the purpose of the transfer was to block his opportunity for advancement.
 
 
 4
 Cox filed complaints with the EEOC and the Kentucky Commission on Human Rights on January 17, 1992. He received a right-to-sue letter from the EEOC on February 19, 1992. The Kentucky officials waived their status to review the complaint and forwarded it to the EEOC. On April 23, 1992, Cox filed this action in federal court. The defendants moved for summary judgment, which the district court granted on August 24, 1993. Cox thereupon filed a timely notice of appeal on September 17, 1993.
 
 
 5
 On appeal, the circuit court reviews a grant of summary judgment de novo, using the same Rule 56(c) standard as the district court. Hansard v. Barrett, 980 F.2d 1059 (6th Cir.1992). According to Federal Rule of Civil Procedure 56(c), when a party moves for summary judgment, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party has the initial burden of proving that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir.1989). To meet this burden, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. Id. at 1478. Essentially, a motion for summary judgment is a means by which to "challenge the opposing party to 'put up or shut up' on a critical issue." Id.
 
 
 6
 If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury. In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, if the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted. Street, 886 F.2d at 1477. Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S.Ct. at 2511.
 
 
 7
 While a court must proceed cautiously in considering subjective issues, the Supreme Court has indicated that the existence of subjective issues does not necessarily foreclose summary judgment disposition. Street, 886 F.2d at 1479 (synthesizing Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Thus, a nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence. Instead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment. Id.
 
 
 8
 Finally, the Sixth Circuit has concluded that, in the "new era" of summary judgments that has evolved from the teachings of the Supreme Court in Anderson, Celotex, and Matsushita, trial courts have been afforded considerably more discretion in evaluating the weight of the nonmoving party's evidence. Street, 886 F.2d at 1480. The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Id. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the nonmoving party, the motion should be granted. Id.
 
 
 9
 To present a prima facie case under the ADEA, the plaintiff must prove (1) that he is a member of a protected class (age 40 to 70); (2) that he was subjected to an adverse employment action; (3) that he was qualified for the position; and (4) that a younger person filled the position. Once the plaintiff has satisfied that burden, the defendant must produce evidence of legitimate, nondiscriminatory reasons that justified the employment action. The burden placed on the defendant at this stage is to produce evidence of sufficient weight that gives rise to a genuine issue of fact as to whether the defendant was motivated by the proffered reason. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S.Ct. 1089, 1094-95, 67 L.Ed.2d 207 (1981). The plaintiff may rebut the defendant's evidence of justifiable discharge by introducing evidence that the defendant's asserted reasons were pretextual.
 
 
 10
 In this case, Cox has satisfied the first element of his prima facie case because, at the time of Shinkle's transfer to Unit Leader of Negotiations, he was 59 years of age, within the protected class. The defendants argued that the 1991 lateral transfer was not an adverse employment action because it involved no change in pay or grade for either Cox or Shinkle. Consequently, defendants urge that Cox has not satisfied the second element of proof necessary to support a prima facie case because he suffered no adverse employment action. The argument is misconceived because Cox suffered an adverse employment action when Shinkle was selected for the Unit Leader of Negotiations position because it was a position which even Shinkle admitted Cox was qualified to administer. Accordingly, the court concludes that the evidence developed by Cox was of sufficient weight to satisfy both elements two and three of a prima facie case presentation. Because Shinkle had not attained the age of 40 years, Cox also satisfied the fourth element in presenting a prima facie case under the ADEA.
 
 
 11
 The burden of going forward thus shifted to the appellees to produce evidence of a legitimate, nondiscriminatory reason for not promoting Cox. As the Supreme Court noted in Burdine, the defendants were not required to prove that the proffered reason actually motivated their decision not to promote him. Defendants merely had to produce evidence of sufficient weight to create a genuine issue of material fact on this issue. Burdine, 450 U.S. at 254-55, 101 S.Ct. at 1094-95. The appellees satisfied that burden. Although Cox had significantly more experience in negotiations, and had been a right-of-way agent three years longer than Shinkle, Shinkle's tenure with the DOT was two years longer than that of Cox. Moreover, Shinkle had college and law degrees, and her performance evaluations were higher than those of Cox.
 
 
 12
 The record disclosed that the appellees presented a genuine issue of material fact concerning the qualifications of the contenders. At the time of the 1991 lateral transfer, Shinkle still retained an educational competitive edge over Cox's direct experience as a Negotiator, and Shinkle's lateral transfer was cost-effective. Thus, the defendants carried their burden of producing evidence of a legitimate, nondiscriminatory reason for their action, and the burden reverted to Cox to prove that the proffered defenses of the defendants were pretextual.
 
 
 13
 To prove that the defendants' reasons were pretextual, Cox could not rely solely upon proof that younger individuals were consistently favored over him. Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1395 (6th Cir.1993). Proof of more favorable treatment of a person outside the protected class is merely one element to support a prima facie case of employment discrimination. Cox produced no evidence that the reasons were pretextual, beyond the history of promoting younger individuals more rapidly than he was promoted. He did not develop evidence that the qualifications of Shinkle were false, or produce any statements indicating that the proffered reasons were not valid. Thus, Cox did not meet his burden of proof on the pretext issue. Accordingly, the decision of the district court to grant summary judgment on the ADEA issue is affirmed.[1]
 
 
 14
 In its order granting summary judgment to the individual defendants on the First Amendment infringements alleged by the plaintiff, the district court stated, "Were circumstantial evidence sufficient to defeat a qualified immunity defense, the court would deny defendants' motion. However, although in the past there have been opinions to the contrary, as it stands today, the Sixth Circuit requires that plaintiff introduce direct evidence of political motivation on the part of defendant to defeat a qualified immunity claim." The district court has misconceived Sixth Circuit precedent. The present rule in the Sixth Circuit dictates that a party may rely upon circumstantial and inferential evidence to defeat a qualified immunity summary judgment motion. Therefore, the trial court erred in refusing to consider the plaintiff's circumstantial evidence before granting summary judgment on this issue of qualified immunity.
 
 
 15
 It is correctly observed by the appellees that in Poe v. Haydon, 853 F.2d 418 (6th Cir.1988), this Circuit may have implied that a party was charged with relying only upon direct evidence, to the exclusion of circumstantial evidence, to defeat a qualified immunity summary judgment motion. The Poe court stated that when "discovery has taken place and the defendant officials have moved for summary judgment on the basis of qualified immunity, ... the plaintiff must present direct evidence that the officials' actions were improperly motivated in order to have any hope of defeating the motion....The plaintiff, 'to avert dismissal short of trial, must come forward with something more than inferential or circumstantial support for [her] allegation of unconstitutional motive.' " Poe, 853 F.2d at 432 (emphasis added) (quoting Martin v. D.C. Metropolitan Police Department, 812 F.2d 1425, 1435 (D.C.Cir.1987)). A year later, however, in Crutcher v. Kentucky, 883 F.2d 502 (6th. Cir.1989), this Circuit explicitly clarified Poe when it concluded in direct language that "it is clear that the law allows victims of race discrimination, as in other cases, to prove their cases by inferential and circumstantial proof. To the extent that [appellant] reads Poe to set a higher standard for qualified immunity than applies on the merits, he is wrong." Accordingly, a party may defeat a defense of qualified immunity by relying on either direct or circumstantial proof. Id. Hull v. Cuyahoga Valley Bd. of Educ., 926 F.2d 505 (6th Cir.), cert. denied, 501 U.S. 1261, 111 S.Ct. 2917, 115 L.Ed.2d 1080 (1991).
 
 
 16
 Three years after Crutcher, however, this Circuit decided Wegener v. City of Covington, 933 F.2d 390 (6th Cir.1991). The district court in the instant case erroneously interpreted Wegener as overruling Crutcher by resurrecting Poe 's pronouncements requiring direct evidence of improper motivation to defeat a qualified immunity summary judgment motion. The district court's reliance on Wegener was misplaced, however, because the language discussing the significance of direct evidence in the disposition of discrimination cases was dicta and was not directed to a dispositive issue in the resolution of that case. Accordingly, the pronouncements of Crutcher are the prevailing precedent in this Circuit, and a party may rely upon both direct and circumstantial proof to oppose a motion for summary judgment in all actions anchored in discrimination, including motions for summary judgment evolving from qualified immunity issues. Thus, the granting of summary judgment is reversed, and the claim of First Amendment infringements against the individual defendants is remanded to the district court for action not inconsistent with this decision.[2]
 
 
 17
 For the foregoing reasons, the decision of the district court is AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 [1]
 Cox also asserted that other acts of discrimination preceded the 1991 transfer of Shinkle. This court notes that Cox failed to advance charges based on those acts within the statutory period, and, because the only claim which had been properly asserted within the statutory period was not meritorious, the continuing violation doctrine does not apply. Additionally, on their merits, the other causes of action fare no better than the 1991 action because Cox failed to develop evidence that age was a factor in the earlier decisions. Therefore the district court's decision is affirmed with respect to the asserted earlier acts of discrimination
 
 
 [2]
 The First Amendment claims against the Kentucky DOT are barred by Eleventh Amendment immunity. The district court's decision granting summary judgment on these causes of action is affirmed. Eleventh Amendment immunity bars all suits, whether for injunctive or monetary relief, against the state and its departments. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01, 104 S.Ct. 900, 907-08, 79 L.Ed.2d 67 (1984). The amendment also bars suits seeking monetary damages against individuals in their official capacities, but does not preclude suits seeking prospective injunctive or declaratory relief against state officials. Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir.1993) (citing Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908))