Clara C. GAITHER, Plaintiff,

v.

BLUE CROSS & BLUE SHIELD MUTUAL OF OHIO, Defendant.

No. 1:95 CV 2172.

United States District Court, N.D. Ohio, Eastern Division.

Dec. 17, 1996.

Richard G. Ross, Robert G. Friedman, Independence, OH, for plaintiff.

Daniel A. Ward, Carl H. Gluek, Michael N. Chesney, Cleveland, OH, for defendant.

Clara C. Gaither, pro se.

### MEMORANDUM OF OPINION

NUGENT, District Judge.

This matter is before this Court upon Defendant's Motion for Summary Judgment (Doc. # 36). For the reasons that follow Defendant's motion is GRANTED.

## I.

Plaintiff, a black female, filed her Complaint in the present matter on October 12, 1995 and subsequently filed an Amended Complaint on October 18, 1995. Plaintiff's Amended Complaint sets forth allegations of race discrimination, gender discrimination and retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

Prior to the initiation of this lawsuit, Plaintiff filed two separate charges with the Equal Employment Opportunity Commission ("EEOC"). These charges were filed on December 30, 1993 and June 15, 1995. The allegations set forth by Plaintiff stem from actions regarding the discharge by Defendant for leave taken by Plaintiff. Plaintiff contends that the classification by which the Defendant charged her for various days off work amounted to discrimination. In addition, Plaintiff makes a general allegation that Defendant maintained a pattern and practice of discrimination based on sex and race.

On February 6, 1996, this Court conducted a case management conference and the matter was assigned to the expedited track. On April 17, 1996, Plaintiff's attorney, Alan Silver filed his motion to withdraw as counsel. At a status conference held by this Court on June 14, 1996, Mr. Silver's request to withdraw as counsel was granted and Attorneys Richard Ross and Robert Friedman were entered as counsel for Plaintiff. A trial date of October 8, 1996 was agreed upon by counsel. On September 3, 1996, Defendant filed its Motion for Summary Judgment and subsequently moved this Court to continue the trial pending the resolution of the motion. Thereafter, the Plaintiff sought leave, and was granted, an additional 14 days to file a response to Defendant's motion for summary judgment. During this time, the parties were engaged in settlement discussions.

The matter was re-scheduled for trial on December 9, 1996. On December 5, 1996, the Court held a final pre-trial conference. Both Plaintiff and her counsel, as well as counsel for Defendant were present. As noted in this Court's minutes of proceedings, a settlement agreement was reached by the parties but "Plaintiff" will not sign settlement agreement even though she has authorized her counsel to settle the case."

Neither Plaintiff nor her counsel has filed a response to Defendant's Motion for Summary Judgment. The time for responses has closed and the matter is ripe for decision.

## II.

In determining whether summary judgment is to be granted, the court must consider only that evidence which is properly before it. Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (citing FED. R.CIV.P. 56(c)).

The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set

forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the non-moving party as an automatic grant of summary judgment, where otherwise appropriate.

The district judge, in considering this type of motion, is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2511. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

"... the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

### III.

In the present case Defendant has moved this Court for summary judgment contending that Plaintiff failed to file her action in a timely manner or, in the alternative, that Plaintiff cannot prove her claims of discrimination as a matter of law.

### A.

The EEOC mailed Plaintiff her right to sue letters on June 14, 1995 and June 28, 1995. Plaintiff's complaint was not filed until October 12, 1995. Section 2000e–5(f)(1) of Title VII requires individuals to file suit in court within 90 days after receiving a right to sue letter. Construing the evidence presented in a light most favorable to the Plaintiff, this Court finds that the present action was filed at least 100+ days after Plaintiff's receipt of her right to sue letter. Therefore well beyond the 90 day requirement. *See, e.g. Lucas v. Brown & Root, Inc.,* 736 F.2d 1202, 1203 (8th Cir.1984). Thus having failed to comply with the statutory prerequisites for filing a Title VII action, Plaintiff's claims are DISMISSED.

### B.

Even assuming *arguendo,* that Plaintiff's complaint was timely filed Defendant is entitled to summary judgment as a matter of law. Plaintiff is unable to present a *prima facie* of discrimination under *McDonnell Douglas* and its progeny.[1] Title VII provides that it is an unlawful employment practice for an employer to discriminate against an individual by failing or refusing to hire her on the basis of race or gender. 42 U.S.C. § 2000e–2. In a Title VII action, the plaintiff has the burden of proving a prima facie case. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). A claimant may prove a prima facie case by bringing forth credible, direct evidence of discriminatory intent, *Terbovitz v. Fiscal Ct. of Adair Cnty.,* 825 F.2d 111 (6th Cir.1987), or through circumstantial evidence showing:

1) she is a member of a protected class;

2) she was qualified for the job;

3) she suffered an adverse employment decision; and

4) she was treated differently than similarly situated whites.

*See, McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824.

Once a plaintiff has met her burden of production and has established a prima facie case of discrimination, the burden of production shifts to the defendant to establish a legitimate, nondiscriminatory reason for the employment decision. *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825. If the defendant carries this burden, the presump-

---

1. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

tion raised by plaintiff's prima facie case is rebutted. The ultimate burden of persuasion remains with the plaintiff to prove that the employer's reasons were a pretext for discrimination and that the employer intended to discriminate on the basis of race. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

The evidence presented before this Court shows that Plaintiff cannot establish a prima facie case of either discrimination (on the basis of race or gender) or retaliation. The evidence presented before this Court shows that Defendant merely applied its leave policy to Plaintiff in a manner similar to that of every other employee.

Moreover, even if Plaintiff could prove a prima facie case, Defendant has articulated legitimate, non-discriminatory reasons for its actions. There is absolutely no evidence that any of Defendants actions were a pretext for discrimination.

### IV.

Accordingly, Defendant's Motion for Summary Judgment (Doc. # 36) is GRANTED.

IT IS SO ORDERED.