108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy CUNNINGHAM and Clarence Reynolds, Plaintiffs-Appellees
Cross-Appellants,
v.
GIBSON COUNTY, TENNESSEE, and Ronnie A. Riley,
Defendants-Appellants Cross-Appellees.
 Nos. 95-6665, 95-6667.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 Before: MARTIN, Chief Judge, KEITH and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 I. BACKGROUND
 
 1
 The facts of this case are undisputed. The plaintiffs, Randy Cunningham and Clarence Reynolds, were employed by Gibson County as ambulance drivers on an at-will basis. Prior to their termination, they worked twelve hour shifts at the Bradford ambulance station. In January, 1994, the Gibson County Commission decided that the Bradford station should become a twenty-four hour station which would necessitate that the employees work twenty-four hour shifts. Cunningham and Reynolds were asked to sign an agreement which would preclude them from being compensated for eight hours of designated sleep time per twenty-four hour shift unless they were called out for duty during their sleep period. Cunningham and Reynolds were told that signing the agreement was a requirement for continued employment. When they refused to sign the agreement because they objected to the uncompensated sleep time provision, they were terminated.
 
 
 2
 Cunningham and Reynolds filed a lawsuit charging that they were discriminated against in violation of § 215(a)(3) of the Fair Labor Standards Act (FLSA) and 42 U.S.C. § 1983. Prior to filing an answer, the defendants moved to dismiss or for summary judgment. Cunningham and Reynolds cross-filed for partial summary judgment on the issue of liability. The district court granted partial summary judgment for the plaintiffs on the issue of the defendants' liability under FLSA, and granted summary judgment for the defendants on the § 1983 claim. After the district court denied the defendants' motion to alter or amend judgment, the parties agreed on an amount of damages and attorney's fees. Cunningham and Reynolds also resumed their prior employment with Gibson County.
 
 II. DISCUSSION
 A. Standard of Review
 
 3
 On appeal, this court reviews a grant of summary judgment de novo. Cox v. Kentucky Department of Transportation, 53 F.3d 146, 150 (6th Cir.1995). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Kraus v. Sobel Corrugated Containers, 915 F.2d 227, 229 (6th Cir.1988). The court is to construe the evidence, and all inferences to be drawn from it, in the light most favorable to the nonmoving party. Id. However, if the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted. Cox, 53 F.3d at 150.
 
 B. FLSA Claim
 
 4
 In this case, the facts are undisputed and the only issues are legal. The plaintiffs were presented with a new work schedule and were asked to grant permission for sleep time deductions, as is required by 29 C.F.R. § 785.22. They were told that if they did not agree to the deductions, they would lose their jobs. They refused, were fired, and commenced this suit. The question that is raised on this appeal is whether this series of actions gives rise to a cause of action under § 215(a)(3) of FLSA.
 
 
 5
 The defendants raise a number of issues that they claim illustrate their contention that § 215(a)(3) is inapplicable to this case. First, the defendants claim that this clause is inapplicable to local governments because it refers to actions by a "person." FLSA defines a person as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). However, § 215(a)(3) is a general enforcement section covering such items as failure to follow the minimum wage provisions of the Act. Thus, if defendants' argument that local governments are not persons within the meaning of § 215(a)(3) is accepted, the result is exemption of local governments from even FLSA's most fundamental provisions. As this cannot be understood to have been the intent of Congress, the defendants' argument must fail. See Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985) (in case dealing with firefighters, Court held FLSA overtime and minimum wage provisions applicable to all state and municipal employees engaged in "traditional governmental functions.")
 
 
 6
 Defendants' argument that the Commerce Clause prevents the plaintiffs from qualifying as employees under FLSA fails for a similar reason. Though plaintiffs worked for a local government entity, they were ambulance drivers. They carried patients who might originate from anywhere, not just Gibson county. They certainly received supplies from places other than Gibson county. Even medical personnel would at any time come from different locales. The entire rhythm of emergency medical care is such that it represents a melange of persons and supplies meeting coincidentally in a single location. To say that this coincidence places that care outside the stream of interstate commerce is disingenuous. This is amply illustrated by the fact that there has been no uprising of local governments protesting the inapplicability of minimum wage laws to emergency personnel on commerce clause grounds.
 
 
 7
 The defendants also argue that the plaintiffs have failed to meet the requirements of § 215(a)(3). Section 215(a)(3) states that it is unlawful "for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act ... or has testified or is about to testify in any such proceeding...." 29 U.S.C. § 215(a)(3). Defendants argue that the plaintiffs here had not filed any complaint or instituted a proceeding under or related to FLSA at the time they were terminated. For that reason, defendants argue, § 215(a)(3) is not applicable to the plaintiffs.[1]
 
 
 8
 However, even if the defendants' strict reading of the statute is applied, the plaintiffs have met the test. No one contends that the complaint that commenced this action pre-dates the plaintiffs' firing. However, the plaintiffs had both written letters to Gibson county formally complaining of the county's actions with respect to the requirement that employees waive their right to be paid for sleep time. Plaintiff Reynolds' letter specifically notes his objection to the deduction of sleep time and also to the fact that failure to waive would result in his termination. Plaintiff Cunningham's letter also states his objections to the requirement of the sleep time waiver and notes that the county had informed him that failure to sign would result in his termination. These letters are dated July 26, 1994. The letters terminating plaintiffs' employment are dated July 29, 1994. As the letters make clear, the plaintiffs protested the county's actions in writing before their termination. This Court has recognized that it is the assertion of statutory rights that is the triggering factor, not the filing of a formal complaint. E.E.O.C. v. Romeo Community Schools, 976 F.2d 985 (6th Cir.1992); see also Bush v. State Industries, 599 F.2d 780 (6th Cir.1979) (allowing a cause of action to stand where the employee had complained to the employer, but had not filed a formal complaint). This conclusion comports with the statutory language, which refers to "any complaint," rather than a "civil complaint." FLSA § 215(a)(3). Thus, the plaintiffs have complied with even the strict reading of the statute that the defendants argue for.
 
 
 9
 The defendants seek to escape this conclusion by arguing that the plaintiffs were not asserting any rights under FLSA. This is a totally meritless assertion. The sleep time regulation clearly states that in the absence of an express agreement by the employee that sleep time may be deducted, sleep time must be counted as compensable time. 29 C.F.R. § 785.22. Thus, where an employee withholds agreement, they have a right to be paid for sleep time where the employer requires them to be on duty. It is this right to be paid for the full twenty-four hours on duty that the plaintiffs are asserting. Defendants also try to argue this fact away by stating that the plaintiffs were not fired for asserting their rights, but because the county could not pay them on the terms they demanded.[2] As the trial court pointed out, it is mere semantics to say you did not fire someone for asserting their rights, but rather for not signing them away. The facts clearly show that the county said to the plaintiffs, "you must sign away your right to what would otherwise be compensable time, or you will lose your job". When plaintiffs complained about this requirement, asserting their right to be paid for all on-duty time required by their employer, they were fired. To hold that plaintiffs have no recourse for such an action under FLSA defeats the purpose of the Act by allowing employers to use economic consequences to prevent employees from asserting their right to certain working conditions. For all of these reasons, we affirm the trial court's decision to grant summary judgment for the plaintiffs on the issue of the defendants' liability under FLSA.
 
 C. § 1983 Claim
 
 10
 The trial court correctly granted summary judgment for the defendants on the plaintiffs' 42 U.S.C. § 1983 claim.[3] A suit under § 1983 that alleges a violation of a federal statute cannot be maintained if the statute demonstrates that Congress intended to foreclose enforcement of the statute via § 1983. Wilder v. Virginia Hospital Association, 496 U.S. 498 (1990). The evidence of intent to foreclose can be explicit or implicit. Id. Thus, when the remedy provided by the statute is sufficiently comprehensive to right the wrong done, this has been held to evidence congressional intent to preclude suits under § 1983. Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1 (1981). This ensures that the requirements of the statutory enforcement scheme are not bypassed by bringing the suit under § 1983. Id.
 
 
 11
 The claim for which plaintiffs seek a remedy under § 1983 asserts the same rights, and finds its source in the same facts, as the claim seeking a remedy through FLSA's remedial provisions. As a result of their FLSA claim, plaintiffs have been reinstated to their jobs and have received both back pay and attorney's fees. This is a comprehensive remedy for the wrong they have suffered. A claim under § 1983 does not allow for some deserved remedy that FLSA denies the plaintiffs. Rather, it would simply allow them a second helping of the recovery they have already received. For that reason, we affirm the trial court's grant of summary judgment to the defendant on the § 1983 claim.
 
 CONCLUSION
 
 12
 The trial court's decisions to grant summary judgment in favor of the plaintiffs on the issue of the defendants' liability under FLSA, and to grant summary judgment in favor of the defendants on the plaintiffs' claims under § 1983 are AFFIRMED.
 
 
 13
 BATCHELDER, Circuit Judge, concurring in part and dissenting in part.
 
 
 14
 In reaching its conclusion that Gibson County violated § 215(a)(3) of FLSA, the majority ignores the following facts: (1) plaintiffs were at-will employees whom the county could have terminated before Bradford Station adopted the new twenty-four hour work schedule; (2) FLSA specifically permits an agreement which alleviates the need to compensate plaintiffs for sleep time; (3) the county, because of budget constraints, had to adopt a new work schedule that would cut costs if it was going to respond to its residents' "overwhelming demand" to upgrade Bradford Station and offer twenty-four hour emergency medical service; (4) the county premised the new schedule on an agreement that Bradford Station employees would not receive compensation for eight hours of sleep time; and (5) of the thirty Bradford Station employees, plaintiffs were the only two who refused to sign the agreement. These facts are important because they help illustrate the clear effect of the majority's holding; namely, two "holdouts" can frustrate the community's desire for twenty-four hour emergency medical service and determine the work schedule for the entire Bradford Station. Today's holding is a peculiar elevation of form over substance, since the county could have terminated all Bradford Station employees, adopted the new schedule, and then required the same employees to agree to the new schedule as a condition of employment. Had Gibson County engaged in this ludicrous "fire/rehire" exercise, then plaintiffs would have been out of luck.
 
 
 15
 In my opinion, the anti-retaliation provisions of FLSA were not designed to achieve this absurd result. In order to succeed on their cause of action, plaintiffs must prove that the county intentionally discriminated against them for asserting rights guaranteed by FLSA. Blanton v. City of Murfreesboro, 856 F.2d 731, 736 (6th Cir.1988); see also Blackie v. State of Maine, 75 F.3d 716, 722 (1st Cir.1996). They have failed to meet this burden. The county's decision to discharge plaintiffs was motivated by prudent business judgment, not a desire to retaliate against an assertion of FLSA rights. After increasing Bradford Station's hours of operation, the county could not afford to pay plaintiffs according to their demand. Budgetary constraints caused plaintiffs' termination, not retaliatory animus. Section 215(a)(3) does not mummify the status quo and preclude the county from exercising its business judgment simply because doing so may adversely affect plaintiffs. See Blackie, 75 F.3d at 723-24. For these reasons, I dissent from the majority's conclusion that Gibson County violated § 215(a)(3) of FLSA.
 
 
 16
 I concur in the majority's conclusion that the district court's grant of summary judgment in favor of the defendants on the § 1983 claim should be affirmed.
 
 
 
 [1]
 Defendants cite Anderson v. Bristol, Tennessee, 6 F.3d 1168 (6th Cir.1993), for the proposition that this Circuit has taken a strict view of this language. This is entirely disingenuous. Anderson merely cited the language of the clause by way of distinguishing it from the language of an interim provision serving similar ends. The case in no way stands for the proposition that only those persons filing formal complaints are able to claim the protection from discrimination afforded by § 215(a)(3)
 
 
 [2]
 The dissent states that the plaintiffs, who were at-will employees, are being allowed to "frustrate the community's desire for twenty-four hour emergency medical service" because the county's budget failed to allow for employees who chose not to waive their right to compensation for all hours on duty. The majority does not dispute the fact that had the county fired all the ambulance drivers, and then rehired only those that agreed to sleep time deductions, it would have behaved appropriately under FLSA. In fact, this Court can imagine many scenarios in which the county could have achieved its ends without contravening the provision at issue. However, the county did not choose one of the many legal alternatives. Ultimately, the decision here is a narrow one, tailored to this particular situation: the plaintiffs had an explicit right under FLSA to compensation for all hours worked, and they had a right as well to waive compensation for sleep time. Their employer told them "you must waive your right to be paid for sleep time, or we will fire you." In other words, the employer attempted to use the economic carrot of employment to force the employees, against their will, to give up an explicit right to compensation. This is precisely the scenario that FLSA exists to prevent, and if the county's plans for medical care are frustrated by this decision, it is solely the result of their erroneous judgment in selecting the means by which to accomplish their goals
 
 
 [3]
 Plaintiffs originally filed two claims under this section: one alleging a violation of constitutional rights and one alleging a violation of rights under FLSA. The constitutional claim was dropped and it is only the grant of summary judgment on the FLSA claims that is before this Court on appeal