**UNITED STATES FIRE INS. CO., Plaintiff,**

v.

**CITY OF WARREN, Defendant.**

**No. CIV. 00–40237.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 6, 2001.

---

Christopher E. Le Vasseur, Michael H. Whiting, Stark, Reagan, Troy, MI, for Plaintiff.

Michael J. Watza, Richard M. Mitchell, Christina A. Ginter, Kitch, Drutchas, Detroit, MI, Albert B. Addis, Albert B. Addis Assoc., Mt. Clemens, MI, for Defendant.

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Before the Court is Plaintiff's motion for summary judgment [docket entry 23]. Regarding this matter, the parties have provided the Court with extensive briefs and the Court has held a hearing in open court. For the reasons set forth below, the Court will grant Plaintiff's motion.

## I BACKGROUND

Plaintiff is an insurance company with which Defendant municipality had primary and umbrella insurance policies that covered, *inter alia,* liability arising from bodily and property damage. Pollution exclusions applied to both policies.

Defendant experienced heavy rainfall on February 17 and 18, 1998. On February 23, 1998, a number of homeowners filed suit against Defendant, alleging that sewage had escaped from Defendant's sewers and entered the homeowners' properties,

causing extensive damage. These homeowners argued that Defendant was liable to them for bodily and property damage caused by a backup of effluent from Defendant's sewer system that had, *inter alia,* deposited "bacteria, viruses, spores and other disease organisms which caused health problems among certain Plaintiffs and which damaged the property of all Plaintiffs among other injuries and damages." (Pl.Ex. H at ¶ 27.5.)

Plaintiff paid $1,575,000.00 in settlement of the actions homeowners brought against Defendant. Those payments were subject, however, to Plaintiff's express reservation of its right to seek recovery from Defendant for those payments. In the case at bar, Plaintiff now seeks repayment from Defendant.

## II LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987).

The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland,* 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87,

106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

## III ANALYSIS

Plaintiff argues that the pollution exclusions involved in this case militate toward entry of summary judgment in its favor. Defendant argues that Plaintiff's position is substantively incorrect and that Plaintiff is estopped from making such an argument. The Court will address the latter argument first.

### A. Equitable Estoppel

■ Defendant argues that the doctrine of equitable estoppel prevents Plaintiff from relying on the pollution exclusions. Plaintiff argues that Defendant's failure to assert this defense before its response to Plaintiff's motion for summary judgment effects a waiver of that defense.

■ Federal Rule of Civil Procedure 8(c) requires litigants to set forth affirmative defenses in their answers. *Macurdy v. Sikov & Love, P.A.,* 894 F.2d 818, 824 (6th Cir.1990). "Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (1990 & Supp.2001). Where the failure to raise an affirmative

defense before summary judgment does not cause surprise or unfair prejudice to the plaintiff, however, this Court, in its discretion, may allow the issue to be raised on summary judgment. *Smith v. Sushka,* 117 F.3d 965, 969 (6th Cir.1997).

In this case, Defendant waited almost six months after Plaintiff filed its complaint to file its answer and affirmative defenses. Neither of those documents included the defense of equitable estoppel, even though any facts underlying that defense should have been well known to Defendant when Plaintiff brought this action. Defendant instead waited more than thirteen months before raising the defense of equitable estoppel in its response to Plaintiff's motion for summary judgment.

In *Macurdy,* a case in which the defendants waited almost nineteen months after the filing of the complaint to plead an affirmative defense, the Sixth Circuit stated that "to allow the defendants to raise this affirmative defense initially at the summary judgment motion would violate Rule 8(c) and unfairly prejudice the plaintiff, which is why the rule requires that such a defense be asserted in the answer. We hold that this defense has been waived."

Given the similarities between this case and *Macurdy,* the Court holds that Defendant has waived the defense of equitable estoppel.

### B. Pollution Exclusions

■ The insurer bears the burden of establishing that an exclusion applies. *Heniser v. Frankenmuth Mut. Ins.,* 449 Mich. 155, 534 N.W.2d 502, 505 n. 6 (1995) (quoting *Arco Indus. Corp. v. American Motorists Ins. Co.,* 448 Mich. 395, 424–25, 531 N.W.2d 168 (1995) (Boyle, J. concurring)). The Court must construe any ambiguity in the policy in favor of the insured and in favor of coverage. *Fire Ins. Exch.*

*v. Diehl,* 450 Mich. 678, 545 N.W.2d 602, 606 (1996). Plaintiff argues that an unambiguous pollution exclusion in each of the policies it sold to Defendant precludes coverage for claims of pollution-related property and bodily damage.

The primary policy excluded from coverage, *inter alia,* " '[b]odily injury' or 'property damage' arising out of the actual, alleged, or threatened discharge, dispersal, release, or escape of pollutants." The umbrella policy excluded from coverage "bodily injury" and "property damage" "which would not have occurred in whole or in part but for the actual alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'Pollutants' at any time." Both policies contained the same definition of "pollutants": "Pollutants means any solid, liquid, gaseous, or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned, or reclaimed."

The most important case upon which Plaintiff relies is *McGuirk Sand & Gravel, Inc. v. Meridian Mut. Ins. Co.,* 220 Mich. App. 347, 559 N.W.2d 93 (1996). The pollution exclusion of the primary policy and the definition of "pollutants" in the case at bar are, verbatim, the same as the pollution exclusion and definition of pollutants at issue in *McGuirk. Id.* at 95. The pollution exclusion of the umbrella policy is not materially different from the pollution exclusion in *McGuirk.*

In *McGuirk,* the Michigan Court of Appeals concluded that the pollution exclusion at issue was an "absolute pollution exclusion" that was unambiguous and operated to exclude from coverage all claims alleging damage caused by pollution. *Id.* at 96–97. Accordingly, the *McGuirk* court held that an insurance company was entitled to summary disposition against the insured's claim that the insurer had a duty to defend and indemnify it against suits arising from the insured's alleged spilling of liquid pollutants.

Given the law as enunciated in *McGuirk,* this Court concludes that the pollution exclusions in this case are unambiguous and serve to establish that Plaintiff was not obligated to indemnify the homeowners for claims that they suffered from Defendant's "pollution."

The question thus becomes whether, in light of the homeowners' claim that sewage intruded from Defendant's sewer into their homes and deposited "bacteria, viruses, spores and other disease organisms which caused health problems among certain Plaintiffs and which damaged the property of all Plaintiffs among other injuries and damages," there is an issue of material fact as to whether the homeowners' claims alleged damage caused by pollution. If so, *McGuirk* would lead to the conclusion that, as a matter of law, Plaintiff was not required to indemnify the homeowners.

Under the law of Michigan as enunciated in *Royal Ins. Co. v. Bithell,* 868 F.Supp. 878 (E.D.Mich.1993) (Duggan, J.), the Court concludes that the homeowners' claims alleged damages caused by pollution. Any backup of raw sewage into the homeowners' properties from Defendant's sewer would be a discharge of pollution. This is so because "raw sewage is clearly a contaminant" that would be covered by an exclusion from coverage of any "[l]oss caused by release, discharge, or dispersal of contaminants or pollutants." *Id.* at 881. Given the similarity between the pollution exclusion in *Bithell* and the pollution exclusions at bar, Defendant's discharge of sewage into the homeowners' properties would be a discharge covered by the pollution exclusion. Thus, summary judgment in Plaintiff's favor is appropriate.

Defendant disagrees, pointing out that the Sixth Circuit, applying Michigan law, has reasoned that a pollution exclusion very similar to those at bar [1] "applies only to injuries caused by traditional environmental pollution." *Meridian Mut. Ins. Co. v. Kellman,* 197 F.3d 1178, 1181 (6th Cir. 1999). Because there would almost certainly be an issue of material fact as to whether the homeowners alleged harms that "traditional environmental pollution" caused, Defendant argues, the Court must not grant summary judgment to Plaintiff.

The Court disagrees. To whatever extent *McGuirk* and *Kellman* might not coincide, this Court will follow *McGuirk* because Michigan state courts provide a more authoritative construction of state law than do federal courts. *See Litka v. University of Detroit Dental Sch.,* 610 F.Supp. 80, 83 (E.D.Mich.1985) (Pratt, J.). This Court also agrees with Judge Quist of the U.S. District Court for the Western District of Michigan that the *Kellman* panel's failure to discuss *McGuirk* was "inexplicable," and thus weakens the persuasiveness of *Kellman. Gulf Ins. Co. v. City of Holland,* No. 1:98–CV–774, 2000 U.S. Dist. Lexis 19602, at *16 (W.D. Mich. Apr. 3, 2000).

This Court holds that the absolute pollution exclusions involved in this case precluded coverage for the homeowners' claims against Defendant.

## IV CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment [docket entry 23] is **GRANTED.**

1. In *Kellman,* the exclusion covered " 'property damage' which would not have occurred in whole or in part but for the actual, alleged or

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiff $1,575,000 within thirty (30) days of entry of this order.

**SO ORDERED.**

threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time." *Kellman,* 197 F.3d at 1180.