**Charles VAUGHN, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 1:96–CV–2643.**

United States District Court, N.D. Ohio, Eastern Division.

Sept. 17, 1997.

Thomas M. Horwitz, Peltz & Birne, Cleveland, OH, for plaintiff.

Steven J. Paffilas, Office of U.S. Atty., Patrick Mark Dana Dukes, Jose M. Gonzalez, Serrat & Naso, Cleveland, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court upon the Motions for Summary Judgment (Document # 13 and Document # 14) filed by Defendant United States of America (hereinafter USA) and Defendant City of Cleveland (hereinafter the City). For the reasons that follow, Defendants' Motions are GRANTED.

### Factual Background

The facts gleaned from the affidavits offered in support of the Defendants' Motions for Summary Judgment and from the Plaintiff's deposition testimony are as follows: Plaintiff Charles Vaughn traveled to downtown Cleveland on February 17, 1995 in order to obtain federal income tax forms. He walked north on the sidewalk along East Ninth Street heading toward the Anthony J. Celebreeze Federal Building at approximately 11:00 a.m. As he neared the building, Mr. Vaughn claims that he tripped on two sections of the sidewalk and fell to the ground sustaining injuries. The weather conditions at the time were clear, there was no accumulation of rain or snow in the area, and Mr. Vaughn attributed the fall to a variation in height of two sections of the sidewalk, and not to any inadvertence on his part.

### Procedural History

Mr. Vaughn filed a Complaint against the USA and the City on September 9, 1997 alleging Defendants negligently maintained the sidewalk on East Ninth Street near the federal building. This alleged negligence, Mr. Vaughn contends, caused him to trip, fall, and sustain injuries. The Defendants each filed Answers in which they denied they were negligent. On July 7, 1997 each Defen-

dant filed a Motion for Summary Judgment. The Plaintiff filed a Brief in Opposition to Defendants' Motions on August 22, 1997, and both Defendants filed Reply Memoranda.[1]

### Summary Judgment Standard

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), see also *U.S. v. Hodges X–Ray, Inc.*, 759 F.2d 557, 562 (6th Cir.1985).

■ Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plain-

1. At the March 31, 1997 case management conference the Court set July 7, 1997 as the deadline for dispositive motions. Any responsive pleadings were due on August 7, 1997 and reply memoranda were due August 14, 1997. Plaintiff did not file his responsive pleading to Defendants' Motions for Summary Judgment until Au-

gust 22, 1997, at which time he did so without first seeking an extension of the August 7, 1997 deadline or by seeking leave of Court to file the brief late. Nonetheless, as demonstrated infra, consideration of the untimely responsive pleading does not change the resolution of the case.

tiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* at 248–49, 106 S.Ct. at 2510–11, 91 L.Ed.2d 202 (1986).) Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." Id. at 252, 106 S.Ct. at 2512. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the non-moving party as an automatic grant of summary judgment, where otherwise appropriate.

 Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that, " 'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion

for summary judgment.' " *Wiley v. U.S.,* 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988)). FED.R.CIV.P. 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley,* at 225–26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510–11. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial—

whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

### Discussion

In actions brought pursuant to the Federal Tort Claims Act, the action is governed by the substantive law of the place where the act occurred. 28 U.S.C. 1346(b). Therefore, the law of Ohio applies in this case.

 Ohio courts have considered the issue of negligence in "sidewalk deviation" cases, most notably in *Kimball v. City of Cincinnati,* 160 Ohio St. 370, 116 N.E.2d 708 (1953) where the Ohio Supreme Court concluded that a variation from one-half to three-fourths of an inch in the adjacent sidewalk was insubstantial as a matter of law and would not form the basis of a negligence charge. This decision was later modified in *Cash v. Cincinnati,* 66 Ohio St.2d 319, 421 N.E.2d 1275 (1981), wherein the Ohio Supreme Court modified its decision in Kimball by concluding that courts may also consider whether attendant circumstances rendered the less than two inch deviation substantial. "Thus, Cash established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial." *Stockhauser v. Archdiocese of Cincinnati,* 97 Ohio App.3d 29, 646 N.E.2d 198, 201–02 (1994) (citations omitted.)

In their Motions for Summary Judgment both Defendants argue the deviation in the sidewalk in question was no more than one-half inch, and they each offer evidence in the form of affidavits and photographs to support their contentions. Furthermore, the Plaintiff admitted in his affidavit that the weather conditions at the time of his fall were clear, and he had no recollection of either ice or snow in the vicinity. In fact, he stated that

he was not distracted by any other circumstances but attributed his fall solely to the difference in height between the two sections of sidewalk.

In response, Mr. Vaughn provided no evidence to rebut the presumption that the difference between the two sections of sidewalk was insubstantial as a matter of law. Rather, Plaintiff presents the legal argument that the issue of Defendants' alleged negligence is a question to be determined by the jury.[2] Such a contention is flawed not only because he has provided no evidence of attendant circumstances to rebut the presumption that the one-half inch difference was insubstantial as a matter of law, but also because the Plaintiff—whose cause of action resides in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq.*—has no right to a jury trial because all Federal Tort Claims actions are tried to the bench. 28 U.S.C. 2402. Thus, no genuine issues of material fact remain to be litigated and Defendants are entitled to judgment as a matter of law.

### Conclusion

For the foregoing reasons, Defendants' Motions for Summary Judgment are GRANTED.

IT IS SO ORDERED.

---

**2.** The Plaintiff also contends that the Defendants' Motions should be denied because the City did not respond to his discovery requests. Such a situation, even if true, would not preclude a dispositive ruling on Motions because the Plaintiff has never presented this issue to the Court before and did not seek to compel discovery from the City.