**Joel LEVINE, Plaintiff,**

v.

**SYMS CORPORATION, Defendant.**

No. 1:96 CV 2725.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 29, 1997.

---

Alan S. Belkin, Law Offices of Alan S. Belkin, Cleveland, OH, for plaintiff.

Kathleen Keogh, Scott M. Loomis, Calfee, Halter & Griswold, Cleveland, OH, for defendant.

*MEMORANDUM OF OPINION AND ORDER*

NUGENT, District Judge.

This matter is before the Court upon the Motion for Summary Judgment (Document # 13) filed by Defendant Syms Corporation (hereinafter Syms). For the reasons that follow, Defendant's Motion is GRANTED.

**Factual Background**

The following facts have been gleaned from affidavits offered by Karen Fiegelist, Michael Radus, and Gail Margolin—all employees of Syms familiar with Mr. Levine's employment history—as well as the deposition testimony of the Plaintiff:

Mr. Levine was hired by Syms in May, 1990 at the age of fifty-five to work at its off-price retail store in North Randall, Ohio. Syms hired him to be the store's First Assistant Store Manager. As the First Assistant Store Manager, Mr. Levine reported directly to Store Manager Karen Fiegelist and was responsible for directing the department managers and was expected to have the ability to function as a store manager and take control of the store when needed.

Mr. Levine had managerial experience at other retail stores prior to joining Syms and had been commended for his attention to customers. However, shortly after Mr. Levine began his employment at Syms, Ms. Fiegelist advised the Human Resources Department that Mr. Levine did not perform to her satisfaction and she recommended that he be terminated. However, the Human Resources Department did not follow her recommendation.

Then, in January, 1995, Michael Radus became District Manager of the Midwest District, which included the North Randall store. Mr. Radus visited the store every two weeks and determined that Mr. Levine's performance was unsatisfactory. He concluded that Mr. Levine was not "driving the business" i.e., was not in control of the total operations of the store.

During the first quarter of 1996 Mr. Radus determined that due to Mr. Levine's unsatisfactory performance, he would not receive a raise and that his job was in jeopardy. Ms. Fiegelist relayed these comments to Mr. Levine in or about March, 1996. Thereafter, Ms. Fiegelist prepared Mr. Levine's annual performance appraisal, which specifically criticized him in different areas of performance. Mr. Levine refused to read or sign the performance appraisal.

Then, in September, 1996, after observing no change in Mr. Levine's performance, Mr. Radus recommended to Gail Margolin, Vice President of Human Resources and Sy Syms, Chairman and CEO that Mr. Levine be terminated. In accordance with this recommendation, Syms terminated Mr. Levine in September, 1996.

### Procedural History

Mr. Levine filed a Complaint against Syms on December 19, 1996 alleging that Syms unlawfully terminated him from employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (hereinafter ADEA). Syms filed an Answer on January 7, 1997 denying the allegations of discrimination contained in the Complaint.

Pursuant to this Court's Case Management Order, all dispositive motions would be due by August 1, 1997, responses due September 1, 1997, and reply, if any due September 8, 1997. In accordance with this Order, Defendant filed its Motion for Summary Judgment on August 1, 1997. On August 15, 1997, Plaintiff filed a Motion to Extend Time until September 5, 1997, which was granted. Then, on September 5, 1997, instead of filing his response, Plaintiff filed another Motion to Extend Time until September 19, 1997. However, no such response has been filed. Instead, on September 24, 1997, Defendant filed a Motion for an Order Granting Defendant's Motion for Summary Judgment as Unopposed. As Plaintiff failed to respond by September 5, 1997, failed to file a late brief by September 19, 1997 as previously requested, and has failed to present any response as of September 24, 1997, this Court will now consider Defendant's Motion for Summary Judgment as unopposed.

### Summary Judgment Standard

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration or the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. ) Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* at 252, 106 S.Ct. at 2512 (1986). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir.1995). The text of Fed.R.Civ.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the non-moving party as an automatic grant of summary judgment, where otherwise appropriate. This means that although the court must carefully review the evidence submitted by the movant, the trial court is not obligated to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479–80 (citation omitted). "Rather in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences for evidence demonstrate facts which are 'uncontroverted.'" *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir.1992).

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

### Discussion

In his Complaint, Mr. Levine alleges Syms wrongfully terminated him because of his age

in violation of federal law. The ADEA seeks to prevent employment discrimination on the basis of age similar to other statutes which seek to prevent discrimination on the basis of race and sex. Likewise, courts have used case law applicable to race and sex discrimination cases to consider whether a plaintiff has raised an inference that discriminatory animus motivated an employer's decision. See *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ Thus, using the *McDonnell Douglas* framework, a plaintiff seeking to establish a *prima facie* case of age discrimination under the ADEA must demonstrate: (1) he was a member of the protected class; (2) he was qualified for the particular position; (3) he suffered an adverse employment action; and (4) he was replaced by a substantially younger person. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996).

■ In its Motion for Summary Judgment, Syms contends Mr. Levine cannot establish a prima facie case.[1] Specifically, Syms argues that although Mr. Levine is a member of a protected class and suffered an adverse employment decision, he was not qualified to perform his job.

The Sixth Circuit has held that in order for a plaintiff to prove he is qualified for the job, he "must prove that he was performing his job at a level which met his employer's legitimate expectations." *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990). Furthermore, a plaintiff "does not raise a material issue of fact on the question of the quality of his work merely by challenging the judgment of his supervisors." *Id.*

The affidavits filed in support of the Defendant's Motion for Summary Judgment, as well as Mr. Levine's performance appraisal

---

1. In its Motion, Syms further argues that it articulated a legitimate, non-discriminatory reason for terminating Mr. Levine and, further, that Mr. Levine has no evidence of pretext. Nevertheless, as explained in the discussion, *infra*, Mr. Levine cannot establish a prima facie case, therefore, these other arguments need not be considered.

demonstrate that Mr. Levine did not perform at a level which met his employer's legitimate expectations. In addition, the Plaintiff's own deposition testimony revealed that although he refused to read his performance appraisal, he had been told of his unsatisfactory performance several months before his termination.

Based on the aforementioned evidence, Mr. Levine cannot establish that he was qualified for the position because the evidence reveals he failed to meet the expectations of his employer. Indeed, his refusal to read his performance evaluation demonstrates his complete disregard of his employer's expectations. Thus, because Mr. Levine cannot prove that he was qualified for the position of First Assistant Store Manager, he cannot demonstrate a prima facie case of age discrimination under the *McDonnell Douglas* framework.

▮ Even if Mr. Levine's age discrimination case is evaluated without rigid adherence to *McDonnell Douglas,* as counseled by the Sixth Circuit in *McDonald,* 898 F.2d at 1161, Syms would still prevail because Mr. Levine has failed to produce any evidence "that he was adversely affected by the defendant's employment decisions under circumstances which give rise to an inference of discrimination." *Id.* (citations omitted). In fact, the only reason Mr. Levine believes he suffered from age discrimination is the fact that after not receiving a raise in 1995, he told Ms. Fiegelist that if he did not receive a raise in 1996, he would retire in 1997 at the age of 62. This single isolated remark does not constitute a circumstance giving rise to an inference of discrimination. Indeed, the comment was made by the Plaintiff himself and cannot be considered as evidence of any motivation on the part of Syms. Furthermore, the evidence in this case demonstrates that Ms. Fiegelist never conveyed Mr. Levine's sentiments to any of her superiors at Syms before they decided to terminate him.

Therefore, a thorough review of Defendant's Motion for Summary Judgment and the evidence offered in support thereof reveals that no material issues of fact remain to be litigated in this matter and Syms is entitled to judgment as a matter of law. Upon such a showing by a movant, and pursuant to

FED.R.CIV.P. 56(e), the nonmoving party is not entitled to rely on the allegations of his pleadings, but must set forth specific evidence showing a genuine issue for trial. As Plaintiff has failed to meet this burden, Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

Pursuant to a Memorandum of Opinion and Order of this Court, Defendant's Motion for Summary Judgment (Document # 13) is GRANTED and this case is DISMISSED WITH PREJUDICE. All costs to the Plaintiff.

IT IS SO ORDERED.